### S. H. SHANKS, ET AL., *v.* R. M. PITMAN, ET AL.

**Husband and Wife—Secret Trust—Right of Creditors.**

Where a husband after marriage took possession of his wife's money and agreed with her to invest it in lands for her benefit, but bought lands taking title in his own name and after many years mortgaged it to creditors, the wife's claim is subordinate to the claim of creditors who loaned their money to the husband without any knowledge of the secret claim of the wife.

#### APPEAL FROM LINCOLN CIRCUIT COURT.

October 16, 1875.

OPINION BY JUDGE PRYOR:

There can be no doubt but that the husband agreed in parol with the wife after the marriage, to invest her money in land and have the title secured to her. This post-nuptial agreement seems to have been recognized at the time the settlement was made by the wife's guardian, and the money and choses in action belonging to her paid and assigned to her husband. The husband disregarding his promises to the wife after receiving her estate, never secured her in the right to enjoy the little patrimony left her by her father, but by reckless trading, connected with his dissipated habits, not only squandered his own estate, but all that he had received by her. He was considered in prosperous circumstances when the marriage took place, and this tended to lull inquiry on the part of the wife, and perhaps induced the husband to forget his pledges to her. This parol contract was made in the year 1867; and the husband at that time was invested by the settlement and transfer made by the guardian, with a competent title to all the wife's choses in action. He invested this money shortly after in land for his own benefit,

or at least in his own name; and no attempt to enforce this claim in law or equity against the husband by the wife, seems to have been made until the year 1874, when the husband's estate was sought to be made liable to the payment of his debts. No notice of this hidden equity on the part of the wife was brought to the knowledge of creditors, nor had they any reason to believe that such a claim existed; on the contrary, the husband had taken possession of the wife's estate, and invested it in land in his own name, his right to which was of record in the chancery court, where his title as purchaser had been recognized and confirmed.

The money for which the notes were executed to the appellant was loaned the husband upon the faith of this property, and a mortgage executed upon it to secure the payment. He had sold or exchanged a part of this land for other land, the wife uniting with him in the deed, upon renewed promises to secure her; and whilst he again seems to have been unmindful of his obligation, there can be no equity in such a case on the part of the wife against appellant's claim. The right to the land was not only in the husband, but he purchased it with money and notes that, so far as third persons were concerned, belonged to him. If the equity of the wife can be enforced at all, she could only assert her claim as a creditor of the husband, and in a contest with creditors, the appellant shows a lien upon the property by the mortgage executed to secure the notes.

In Latham v. Glen, the wife was permitted to hold the property against creditors because the husband had executed a conveyance of the property to the wife, in discharge of his equitable claim upon him, before the claims of creditors had been asserted. In this case the husband has created a lien upon the property in favor of the creditor before the wife's equity is asserted; and the fact that the husband has only an equitable title to the land does not enlarge the equity of the wife or defeat the lien created by the mortgage upon it, to secure appellants' debt. This court said in the case of *Maraman's Adm'r v. Maraman,* when the husband had sold the wife's land and slaves, at the same time executing his notes to his wife for a part of the money received by him, with a promise on the part of the husband that he would secure her in the amounts they called for, that the natural tendency of her conduct was to give the husband credit with others who knew nothing of the agreement between them. As she has come into equity for relief, sound policy seems to forbid that the claim, which has no legal validity, shall be placed

upon an equal footing with the legal demands of creditors. This question originated in the settlement of the husband's estate that was insolvent, and the equitable claim of the wife postponed until the demands of creditors were satisfied. *Maraman's Adm'r v. Maraman,* 4 Met. 92.

In the case of *Pryor, Assignee, v. Smith, et al.,* 4 Bush 380, where the husband had sold the wife's land, and at the time agreed to invest for her the amount realized from this sale in another tract that he was at the time contracting for, the husband having purchased the land with the deed made to himself, became insolvent; and in a controversy between the wife and the husband's creditors, this court said, "These transactions constituted a complete conversion and reduction of her estate in the land by her husband to his possession; and generally, where this is done, a court of equity will not interpose to provide for the wife to the exclusion of the claims of creditors." In the present case the husband had not only secured the legal title to the choses in action of the wife, by the assignment to him from the guardian, but after reducing them to possession, purchased with these notes land in his own name, and then executed the mortgage upon it to appellant for money borrowed for his own purposes. This was such a conversion of the wife's estate by the husband as made him the absolute owner, and the wife's equitable claim upon him subordinate to the claims of creditors. The judgment of the court below is *reversed,* and cause remanded for further proceedings consistent with this opinion.

*T. P. Hill, M. C. Saufley, for appellants.*
*R. C. Warren, W. G. Welsh, Durham & Jacobs, for appellees.*